## CIRCUIT COURT OF THE CITY OF RICHMOND

John Driggs Co., Inc., and
Shirley Contracting Corp.

v.

Commonwealth of Virginia et al.

February 12, 1981

Case No. LC-771

By JUDGE MARVIN F. COLE

It has been agreed to between the parties that the work was accepted by the Chief Engineer on or about September 23, 1977, as alleged in the motion for Judgment and admitted by the respondents.

Section 33.1-192 of the Code of Virginia states that no suit shall be brought against the Department of Highways by any contractor *unless the same shall be brought within one year after the completion of the work on the project to the satisfaction of the chief engineer, Department of Highways.*

Suit was filed in this case on May 14, 1979. The above statute of limitation would bar the proceeding on September 23, 1978, unless there is some factual situation or rule of law that would extend the statute of limitations, or toll the running of the statute for some period of time. The petitioners have raised several points which will now be addressed.

First, the petitioners say that the affirmative defense of the statute of limitations may not be raised by a motion to dismiss. On June 6, 1979, the Commonwealth

filed a Motion to Dismiss, specifically setting forth their defense of the statute of limitations. Their Grounds of Defense filed the same day alleges that the applicable statute of limitations had run.

Section 8.01-235 states that the objection that an action is not commenced within the limitation period prescribed by law can only be raised as an affirmative defense specifically set forth in a responsive pleading.

Both the Motion to Dismiss and the Grounds of Defense are responsive pleadings and they both raise the statute of limitations as an affirmative defense. Therefore there is no merit to this contention.

Secondly, the petitioners allege that the respondent refused to release final payment to petitioners without a release from the party asserting such claim against a subcontractor (which was covered by insurance) without the consent of petitioner's bonding company to an extension of the bond was arbitrary, capricious and erroneous.

The court finds that under the facts and circumstances of this case the action of the respondent was not arbitrary, capricious and erroneous; but even if it were so, it would be no reason to extend or to toll the applicable statute of limitations, and no authority is cited to show that such would so extend or toll the applicable statute of limitations.

Thirdly, the petitioner alleges that Code Section 33.1-192 as applied to the facts in this case constitutes a violation of petitioner's right to due process of law pursuant to Article I, Section II, of the Constitution of Virginia and the Fourteenth Amendment of the United States Constitution.

The argument of the petitioner is that they could not file a claim prior to final payment, that the respondent delayed payment of the final payment until after passage of the one year statute of limitations, and therefore they could not file a suit until the statute of limitations had already run.

However, this court held in Case No. B-943, *Shirley Contracting Corporation* v. *Commonwealth* that for claims based upon pre-July 1, 1976, highway construction contracts with the State, a contractor has basically two routes by which he may seek a resolution: (1) he may bring suit for recovery of such claim in an appropriate court within one year from the first acceptance of the project; or (2) he may seek resolution through the administrative

process provided in Section 33.1-382. These methods of resolving such claims are not mutually exclusive.

This court further stated in *Shirley* that "In no way by using the administrative process may the contractor extend the period within which he is required to file suit." The only occasion that I know of that would extend the statute of limitations would be fraud which was perpetrated for the specific purpose of delay so that the statute of limitations would pass. This has not been proved in this case.

Mere silence is not fraudulent concealment of facts. The concealment of a cause of action which will prevent the running of the statute of limitations must consist of some trick or artifice preventing inquiry, or calculated to hinder a discovery of the cause of action by the use of ordinary diligence. The fraud which will relieve the bar of the statute of limitations must be of that character which involves moral turpitude and must have the effect of debarring or deterring the plaintiff from his action. *Culpeper Bank* v. *Tidewater*, 119 Va. 73; *Hawks v. DeHart*, 206 Va. 810 (1966).

In this case we have no facts that would show fraud and certainly no trick or artifice preventing inquiry or to hinder a discovery of the cause of action has been proved.

Section 33.1-383 does state the *submission of the claim* to the Highway Department within the time and as set out in Section 33.1-382 shall be a condition precedent to bringing an action under this chapter. It does not take much to submit a claim. The statute does not go any further than *submission*. It does not say that it must be processed to the point of payment. *Submission* here does not amount to much more than a written statement showing the amount that the contractor deems himself entitled.

In regard to due process, there is substantial authority that an administrative remedy is due process. However, in this case the petitioner had both avenues, administrative and legal, open to them. They lost the administrative proceeding and delayed too long on the legal proceeding. There has been no denial of due process.

I must therefore conclude that the statute of limitations bars the claim of the petitioners.